Filed 4/20/21  P. v. Santisteven CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B301404 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA059086) |
| v. | |
| PETER SANTISTEVEN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Stephen A. Marcus, Judge.  Reversed and remanded.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles S. Lee and Stephanie A. Miyoshi, Deputy Attorneys General, for Plaintiff and Respondent.

Peter Santisteven pleaded guilty in 2007 to first degree felony murder. In January 2019 Santisteven petitioned for resentencing pursuant to Penal Code section 1170.95.[1] The superior court denied the petition after appointing counsel for Santisteven and holding an evidentiary hearing, finding Santisteven ineligible for resentencing because he was a major participant in the underlying robbery and acted with reckless indifference to human life. Because the court used an incorrect standard of proof in finding Santisteven ineligible for resentencing (substantial evidence rather than proof beyond a reasonable doubt), we reverse and remand for a new evidentiary hearing applying the correct standard.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Santisteven's Guilty Plea*

Santisteven and Carlos Martinez (Martinez), aided by Christian Martinez, robbed Alberto Castillo and Nacho Barboza in an Arcadia motel room in October 2004. Castillo was shot and killed during the robbery.

Santisteven, Martinez and Christian Martinez were charged in an amended information in 2007 with robbery and first degree murder. Among several firearm enhancement allegations, it was specially alleged Martinez had personally discharged a firearm proximately causing Castillo's death. The court severed Santisteven's case and ordered his trial to follow those of Christian Martinez and Martinez.

At a joint trial before separate juries, Christian Martinez was convicted of first degree murder and two counts of first degree robbery. Martinez was convicted of first degree murder,

---

[1] Statutory references are to this code.

2

two counts of first degree robbery and possession of a usable quantity of methamphetamine. His jury found true a special circumstance allegation the murder had been committed in the course of a robbery and burglary, and the court in a bifurcated proceeding found true the allegation he had suffered a prior serious or violent felony conviction within the meaning of the three strikes law. Both Martinez and Christian Martinez were sentenced to life without parole. We affirmed the convictions on appeal, modifying slightly the sentence imposed on Martinez for several of the firearm enhancements. (*People v. Martinez* (Mar. 2, 2010, B204770) [nonpub. opn.].)

Following the Martinezes' trial, Santisteven pleaded guilty to first degree felony murder (murder during the commission of a robbery). He was sentenced to an indeterminate state prison term of 25 years to life.

2. *Santisteven's Petition for Resentencing*

Santisteven, representing himself, filed a petition for resentencing pursuant to section 1170.95 on January 9, 2019. He checked boxes on the form petition he used declaring, under penalty of perjury, an information had been filed against him that allowed the prosecution to proceed under a theory of felony murder; he pleaded guilty to first degree murder in lieu of going to trial because he believed he could have been convicted of that offense at trial under the felony murder rule; and he could not now be convicted of first or second degree murder in light of the changes made to sections 188 and 189 effective January 1, 2019 because he was not the actual killer, had not assisted the actual killer in committing murder with the intent to kill, and was not a major participant in the underlying felony acting with reckless

3

indifference to human life during the course of the felony. Santisteven requested appointment of counsel.

The court appointed counsel for Santisteven and ordered the prosecutor to file a response to the petition. In her response the prosecutor argued Santisteven was ineligible for resentencing because he had been a major participant in the robbery and acted with reckless indifference to human life within the meaning of sections 189, subdivision (e)(3), and 190.2, subdivision (d). In his reply and supplemental reply Santisteven contended, even if he were a major participant in the robbery, he had not acted with reckless indifference to human life and was, therefore, eligible for resentencing. Santisteven requested an evidentiary hearing at which he proposed to introduce new evidence.

3. *The Evidentiary Hearing and the Court's Ruling*

The superior court held an evidentiary hearing on September 3, 2019 to determine whether Santisteven was ineligible for resentencing.[2] Santisteven presented testimony from Christian Martinez and Kristina Jaime, Martinez's girlfriend in October 2004, who had pleaded no contest to being an accessory to the robbery prior to trial. The prosecutor introduced into evidence the transcripts from Santisteven's preliminary hearing (held jointly with Martinez, Christian Martinez and Jaime), which included testimony from Barboza

_____

[2]    The court did not issue an order to show cause pursuant to section 1170.95, subdivision (c), or specify it was holding a hearing under section 1170.95, subdivision (d). Nonetheless, the parties agree, given the nature of the hearing at which Santisteven and the prosecutor introduced evidence and the court acted as finder of fact, it was understood by all concerned that this was the court's intent.

and Detective Brett Bourgeous, the lead investigator of the murder/robbery. That evidence showed, in brief, that Santisteven initiated the plan to rob Castillo and Barboza in their motel room. Santisteven and Martinez entered Castillo's unlocked motel room without invitation, where Castillo was watching television with Barboza. While Santisteven placed Barboza in a headlock and demanded money from him, Martinez pointed his gun at Barboza. Castillo told the assailants not to do anything to Barboza. Martinez turned his gun on Castillo and demanded money. Santisteven continued to hold Barboza as Martinez hit Castillo in the head with the gun and then shot him in the chest. Santisteven and Martinez fled.

Following the evidentiary presentation, the court engaged with counsel for Santisteven and the prosecutor in an extensive discussion of the evidence and the standard for finding a defendant charged with felony murder had been a major participant in the underlying felony and acted with reckless indifference to human life in light of the Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522. In its ruling denying Santisteven's petition, the court addressed the various *Banks/Clark* factors, explained how it viewed the evidence related to each factor and concluded, "I think there is substantial evidence that supports the fact that this defendant is a major participant and that he acted with reckless indifference to life." Elaborating, the court stated, "My decision is based on all the factors I discussed. The defendant was planner and major architect of pulling off his robbery. He knew there was risk of danger and death because a confederate was armed."

The court issued no written ruling. Its minute order simply stated, "Defendant's petition under Penal Code section 1170.95 is denied."

## DISCUSSION

1. *Senate Bill No. 1437 and the Section 1170.95 Petition Procedure*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437), effective January 1, 2019, eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843 (*Gentile*)) and significantly limited the felony-murder exception to the malice requirement for murder. (See, e.g., *People v. Rodriguez* (2020) 58 Cal.App.5th 227, 236 (*Rodriguez*), review granted Mar. 10, 2021, S266652; *People v. Bascomb* (2020) 55 Cal.App.5th 1077, 1081.)

Senate Bill 1437 also authorized, through new section 1170.95, an individual convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder because of Senate Bill 1437's changes to the definition of the crime. (See *Gentile*, *supra*, 10 Cal.5th at p. 859.) If the petition contains the information required by section 1170.95, subdivision (b), and the court, following the procedures detailed in section 1170.95, subdivision (c), determines the petitioner has made a prima facie showing that he or she is entitled to relief, "the court shall issue an order to show cause." (§1170.95, subd. (c); see *People v. Verdugo* (2020) 44 Cal.App.5th 320, 328 (*Verdugo*), review granted Mar. 18, 2020, S260493.)

6

Once the order to show cause issues, the court must hold a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts. (§ 1170.95, subd. (d)(1); see *Verdugo, supra*, 44 Cal.App.5th at p. 327, review granted.) At the hearing the prosecution has the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing. (§ 1170.95, subd. (d)(3).) The prosecutor and petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens. (See *People v. Tarkington* (2020) 49 Cal.App.5th 892, 898-899, review granted Aug. 12, 2020, S263219; *People v. Drayton* (2020) 47 Cal.App.5th 965, 981; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1136, review granted Mar. 18, 2020, S260598.)

>    2. *The Superior Court Applied an Incorrect Standard of Proof*

Our colleagues in the Sixth Appellate District in *People v. Lopez* (2020) 56 Cal.App.5th 936, review granted February 10, 2021, S265974, and this court in *Rodriguez, supra*, 58 Cal.App.5th 227, review granted,[3] held section 1170.95

---

[3]    In granting review in both *People v. Lopez*, S265974, and *People v. Rodriguez*, S266652, the Supreme Court ordered further action deferred pending consideration and disposition of a related issue in *People v. Duke*, S265309. In *People v. Duke*, the Supreme Court limited the issue to be briefed and argued to the following: "Can the People meet their burden of establishing a petitioner's ineligibility for resentencing under . . . section 1170.95, subdivision (d)(3) by presenting substantial evidence of the petitioner's liability for murder under . . . sections 188 and 189 as amended by Senate Bill No. 1437 (Stats. 2018, ch. 1015), or must

7

requires the prosecutor to prove beyond a reasonable doubt each element of first or second degree murder under current law to establish a petitioner's ineligibility for relief under that statute. Once the petitioner has made a prima facie showing of eligibility for relief, we stated, "[I]t is the court's responsibility to act as independent fact finder and determine whether the evidence establishes a petitioner would be guilty of murder under amended sections 188 and 189 and is thus ineligible for resentencing under section 1170.95, subdivision (d)(3)." (*Rodriguez*, at pp. 243-244.)

Disagreeing with the contrary view expressed in *People v. Duke* (2020) 55 Cal.App.5th 113, review granted January 13, 2021, S265309, which held the prosecutor must only prove a reasonable jury could find the defendant guilty of murder with the requisite mental state—the substantial evidence standard of proof applied by the superior court in the case at bar—we explained that relaxed standard was inconsistent with the Legislature's intent in enacting Senate Bill 1437 to provide retroactive relief for individuals who had been convicted of murder under now-invalid theories of liability. (*Rodriguez*, *supra*, 58 Cal.App.5th at pp. 240-241, review granted.) In addition, emphasizing that section 1170.95, subdivision (d)(3), authorizes the introduction of new or additional evidence at the hearing to determine whether the petitioner is ineligible for resentencing, as occurred here, we asked, "How is the superior court to evaluate that additional evidence if not as an independent fact finder?" (*Rodriguez*, at p. 242.) Answering our

---

the People prove every element of liability for murder under the amended statutes beyond a reasonable doubt?"

own question, we stated, "It would be pointless for the court's role in this situation simply to be deciding whether a jury *could* credit a new witness's testimony and thus *could* conclude the petitioner had acted with express malice." (*Ibid.*)

The Attorney General acknowledges, as the record shows, the superior court applied a substantial evidence standard to find Santisteven could be convicted today of felony murder under section 189, subdivision (e)(3), as a major participant in the underlying robbery who had acted with reckless indifference to human life. He argues that is the correct standard, but presents no persuasive reason for us to reconsider our analysis of the statutory language and legislative history in *Rodriguez*, *supra*, 58 Cal.App.5th 227, review granted. Unless we receive different instructions from the Supreme Court, we adhere to the holding in *Rodriguez*.

## DISPOSITION

The order denying Santisteven's petition for resentencing is reversed, and the matter remanded for a new evidentiary hearing applying the correct standard of proof as set forth in this opinion.


PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.

9